UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
  PI YUEN CHEN,                        :
                                            :
                    Petitioner,  :
                                            :
               -against-            :
                                            :
  KENNETH DECKER, *et al.*,         :
                      Respondents.:
-----------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:__10/27/2015__        │
└─────────────────────────────────┘
```

15 Civ. 6945 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

On September 2, 2015, Petitioner Pi Yuen Chen filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging her continued detention by Respondents. For the reasons stated below, the petition is granted.

## I.     BACKGROUND

The relevant facts are taken from Chen's petition. Chen, a citizen of China, entered the United States and was granted asylum in 1993, and became a lawful permanent resident in 1994. On August 13, 2003, pursuant to a plea agreement, Chen was sentenced to two years of probation for conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Chen completed her probation in 2005 without incident.

On or about August 21, 2015, agents from U.S. Immigration and Customs Enforcement ("ICE") arrested Chen at her home in Lake Grove, New York, and have since detained her at the Orange County Correctional Facility in Goshen, NY. Chen has been placed in removal proceedings based on her 2003 conviction. To date, an immigration judge has not ruled on whether Chen is subject to mandatory detention or if she is removable.

II.     **DISCUSSION**

Chen argues that she is not subject to mandatory detention under 8 U.S.C. § 1226(c) because ICE did not arrest her "immediately at or around" the time she was released from custody, and because she was never "released" from any sentence of incarceration or post-conviction remedy.  She argues also that her detention violates due process and is reversible under the Administrative Procedure Act.  On October 23, 2015, Respondents submitted a letter stating that -- because "ICE detained Chen approximately 12 years after her conviction and 10 years after she completed her probation" -- this case "is not distinguishable" from the facts of three cases this Court has decided previously: *Arias v. Mechkowski*, 15 Civ. 6092 (S.D.N.Y. Sept. 25, 2015), *Giron v. Shanahan*, 15 Civ. 2951, 2015 WL 5334046 (S.D.N.Y. Sept. 11, 2015), and *Minto v. Decker*, No. 14 Civ. 7764, 2015 WL 3555803 (S.D.N.Y. June 5, 2015).

For the reasons stated in *Minto*, *Giron* and *Arias*, Chen is not subject to mandatory detention under § 1226(c).  "The language of § 1226(c) is unambiguous; 'when the alien is released' means 'at or around the time of release.'"  *Giron*, 2015 WL 5334046, at *2 (quoting *Minto*, 2015 WL 3555803, at *4).  The government may therefore "detain without a bond hearing a noncitizen who has committed certain crimes only if it does so at or around the time the person is released from custody."  *Id.*

Here, as Respondents acknowledge, ICE arrested Chen approximately twelve years after her conviction and ten years after she completed her probation.  Such a delay is not "at or around the time of release."  *See id.* at *3 (collecting cases).  As such, Petitioner is not subject to mandatory detention under § 1226(c) and is entitled to a bond hearing under § 1226(a).

As this holding is sufficient to find for Chen, the remaining arguments in her petition are not addressed.

## III.   CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is GRANTED.

Within seven calendar days of the date of this Order, Respondents shall provide an

individualized bond hearing to Petitioner to determine whether her detention is justified.  Should

they fail to provide such a hearing, Respondents shall release Petitioner from detention.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 27, 2015
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE