USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PI YUEN CHEN,                                             :
                                                          :
                                      Petitioner,   :
                                                          :   15 Civ. 6945 (LGS)
               -against-                               :
                                                          :   **OPINION AND ORDER**
KENNETH DECKER, *et al.*,                                 :
                                      Respondents. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Pi Yuen Chen filed a Petition for a Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2241, challenging her continued detention by Respondents. For the reasons stated below, the Petition is denied.

**I.    BACKGROUND**

      The Department of Homeland Security ("DHS") apprehended Chen -- a native of China and a lawful permanent resident -- on August 21, 2015, pursuant to a notice to appear charging her with being an aggravated felon. Chen previously had been sentenced to two years of probation for conspiracy to defraud the United States in violation of 18 U.S.C. § 371. According to the Petition, Chen was convicted in 2003 and completed her probation in 2005 without incident. She is currently detained under Respondents' authority at the Orange County Correctional Facility in Goshen, New York. The Petition alleges further that Chen suffers from a medical condition involving uterine fibroids, and that she was the primary caretaker for six nephews and nieces before being taken into custody.

      Chen filed her Petition on September 3, 2015. On October 27, 2015, the Petition was granted in an order that relied on cases holding that individuals who were not arrested "immediately at or around the time" they were released from custody were not subject to

mandatory detention under 8 U.S.C. § 1226(c).  *Chen v. Decker*, No. 15 Civ. 6945 (S.D.N.Y. Oct. 27, 2015), ECF No. 25.  That order was vacated three days later as a result of the Second Circuit's October 28, 2015, decision in *Lora v. Shanahan*, which held "that an alien may be subject to mandatory detention even where DHS does not immediately detain the alien after release from criminal custody."  804 F.3d 601, 613 (2d Cir. 2015).  The parties filed supplemental briefs addressing -- among other issues -- *Lora*'s effect on this case.

## II.     DISCUSSION

The Petition asserts three claims:  that Chen's detention (1) is unauthorized by 8 U.S.C. § 1226(c)(1); (2) violates her due process rights; and (3) is reversible under the Administrative Procedure Act.  For the following reasons, these arguments are not meritorious.

### A.      **Mandatory Detention**

The bulk of the Petition relies on statutory arguments that are now foreclosed by the Second Circuit's decision in *Lora*.  For example, Chen's first and third claims are based entirely on arguments that she was not subject to mandatory detention because she was (1) not taken into custody "immediately at or around" the time she was released, and (2) never "released" within the meaning of § 1226(c) because her prior conviction resulted only in probation and not physical custody.  The *Lora* decision rejected both arguments.

With respect to the timing of detainment, the Second Circuit held "that an alien may be subject to mandatory detention even where DHS does not immediately detain the alien after release from criminal custody."  *Lora*, 804 F.3d at 613.  As to the argument that one cannot be "released" from probation, the *Lora* court held "that an alien who has been convicted of a qualifying crime under section 1226(c) is subject to mandatory immigration detention, whether he is sentenced to a prison term or to probation."  *Id.* at 610.

Petitioner argues that *Lora* was incorrectly decided, but concedes that the decision is controlling authority. In light of *Lora*, the Petition's first and third claims, which are based on statutory arguments concerning § 1226(c), are rejected.

**B.     Due Process**

The Petition claims as well that Chen's detention violates her procedural due process rights because she is neither a danger nor a flight risk, and because she suffers from a serious medical condition. As explained below, Petitioner fails to establish that her detention violates due process.

Acknowledging that "the Fifth Amendment entitles aliens to due process in deportation proceedings," the *Lora* court held "that in order to avoid serious constitutional concerns, section 1226(c) must be read as including an implicit temporal limitation." *Id.* at 613–14. Adopting a "bright-line rule," the court held "that, in order to avoid the constitutional concerns raised by indefinite detention, an immigrant detained pursuant to section 1226(c) must be afforded a bail hearing before an immigration judge *within six months of his or her detention*," at which time "the detainee must be admitted to bail unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community." *Id.* at 616 (emphasis added).

As noted above, Petitioner was detained less than six months ago, on August 21, 2015. Chen concedes that "detention for less than six months is presumptively reasonable," but claims that *Lora* is distinguishable because of Chen's medical condition. The Petition alleges that Chen's symptoms include heavy bleeding, sudden pain in the abdomen and lower back, problems urinating, anemia and possible release of blood to her kidneys, and attaches medical records and evidence of appointments missed due to her detainment. The Petition does not

allege, however, that Chen's health is unstable or that she is receiving inadequate medical care. Also absent from Petitioner's submissions is any indication that she communicated these health concerns to the employees of the facility in which she is being held, and whether or how they have failed to accommodate her medical condition.

Petitioner does not identify any authority to support the position that a detainee's poor health entitles her to habeas relief under 28 U.S.C. § 2241. As noted above, Chen's detention is mandatory, and the Petition's allegations are insufficient to rebut the presumption of reasonableness for periods of detention shorter than six months. *See id.* at 615 ("[T]he preferred approach for avoiding due process concerns in this area is to establish a presumptively reasonable six-month period of detention."); *Raju v. Shanahan*, No. 15 Civ. 7499, 2015 WL 7567455, at *2 (S.D.N.Y. Nov. 23, 2015) (holding that *Lora* "foreclosed" due process argument where petitioner was "incarcerated for less than four months").

## III.   CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED. A certificate of appealability is not required for Chen to appeal this decision. *See Hoffler v. Bezio*, 726 F.3d 144, 152 (2d Cir. 2013) ("[A] federal prisoner seeking habeas relief under 28 U.S.C. § 2241 is not required to obtain a certificate of appealability to take an appeal, inasmuch as he is neither challenging detention arising out of process issued by a state court, nor proceeding under § 2255.").

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: December 9, 2015
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE